1

2

3

4

5

6

7

8           IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SERGEI PORTNOY,                    No. CIV.S-04-1850 DFL DAD PS

12          Plaintiff,

13     v.                              ORDER

14   US BANK, et al.,

15          Defendants.

16   _____/

17            **STATUS (PRETRIAL SCHEDULING) ORDER**

18          READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES

19   WHICH THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND

20   PARTIES MUST COMPLY.  A FAILURE TO COMPLY WITH THE TERMS OF THIS

21   ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER

22   SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN

23   ORDER OF JUDGMENT.

24          Pursuant to court order, a Status (Pretrial Scheduling)

25   Conference was held on February 4, 2005, at 10:00 a.m.  Plaintiff

26   appeared pro se.  Juan C. Basombrio appeared as counsel for

1

1  defendants.   After hearing, the court makes the following findings

2  and orders:

### SERVICE OF PROCESS

4          All parties defendant have been served and no further

5  service is permitted except with leave of court, good cause having

6  been shown.

### JOINDER OF PARTIES/AMENDMENTS

8          No further joinder of parties or amendments to pleadings is

9  permitted except with leave of court, good cause having been shown.

10  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir.

11  1992).

### JURISDICTION/VENUE

13          The court's jurisdiction is contested and defendants'

14  motion to dismiss in this regard is currently under submission before

15  the undersigned.   Venue is hereby found to be proper.

### MOTION HEARING SCHEDULES

17          All law and motion except as to discovery is left open,

18  save and except that it shall be conducted so as to be completed by

19  **September 2, 2005.**   The word "completed" in this context means that

20  all law and motion matters must be **heard** by the above date.   Because

21  this date is not necessarily a date previously set aside for law and

22  motion hearings, it is incumbent upon counsel to contact this court's

23  courtroom deputy, Pete Buzo, at (916) 930-4128, sufficiently in

24  advance so as to ascertain the dates upon which law and motion will

25  be heard and to properly notice its motion for hearing before that

26  date.   Counsel are cautioned to refer to Local Rule 78-230 regarding

1   the requirements for noticing such motions on the court's regularly

2   scheduled law and motion calendar.  **Opposition or statement of non-**

3   **opposition to all motions shall be filed not later than 4:30 p.m.**

4   **fourteen (14) days preceding the hearing date, or by proof of service**

5   **by mail not less than seventeen (17) days preceding the hearing date**.

6   This paragraph does not preclude motions for continuances, temporary

7   restraining orders or other emergency applications, and is subject to

8   any special scheduling set forth in the "MISCELLANEOUS PROVISIONS"

9   paragraph below.  Dispositive motions shall be noticed for hearing

10  before the undersigned, to be resolved on findings and

11  recommendations to the district court.  See 28 U.S.C. § 636(b)(1)(B)

12  and L.R. 72-302(c)(21).

13       The parties should keep in mind that the purpose of law and

14  motion is to narrow and refine the legal issues raised by the case,

15  and to dispose of by pretrial motion those issues that are

16  susceptible to resolution without trial.  To accomplish that purpose,

17  the parties need to identify and fully research the issues presented

18  by the case, and then examine those issues in light of the evidence

19  gleaned through discovery.  If it appears to counsel after examining

20  the legal issues and facts that an issue can be resolved by pretrial

21  motion, counsel are to file the appropriate motion by the law and

22  motion cutoff set forth supra.

23       ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY

24  PRETRIAL MOTION.  Counsel are reminded that motions in limine are

25  procedural devices designed to address the admissibility of evidence.

26  COUNSEL ARE CAUTIONED THAT THE COURT WILL LOOK WITH DISFAVOR UPON

1 SUBSTANTIVE MOTIONS PRESENTED IN THE GUISE of MOTIONS IN LIMINE   AT

2 THE TIME OF TRIAL.   COUNSEL ARE FURTHER CAUTIONED THAT IF ANY LEGAL

3 ISSUE THAT SHOULD HAVE BEEN TENDERED TO THE COURT BY PRETRIAL MOTION

4 MUST BE RESOLVED BY THE COURT AFTER LAW AND MOTION CUTOFF,

5 SUBSTANTIAL SANCTIONS WILL BE LEVIED AGAINST COUNSEL WHO FAILED TO

6 TIMELY FILE AN APPROPRIATE MOTION.

7 **DISCOVERY**

8 All discovery is left open, save and except that it shall

9 be so conducted as to be completed by **July 15, 2005.**  The word

10 "completed" means that all discovery shall have been conducted so

11 that all depositions have been taken and any disputes relative to

12 discovery shall have been resolved by appropriate order if necessary

13 and, where discovery has been ordered, the order has been complied

14 with.  Motions to compel discovery must be noticed on the magistrate

15 judge's calendar in accordance with the local rules of this court and

16 so that such motions will be heard not later than twenty-eight (28)

17 days after personal service and filing of the motion or not less than

18 thirty-one (31) days after mailed service and filing of the motion.

19 In this regard, plaintiff is to designate in writing and file with

20 the court and serve upon all other parties the names of all experts

21 that he proposes to tender at trial not later than **May 6, 2005.**

22 Defendants are to designate in writing and file with the court and

23 serve upon all other parties the names of all experts that they

24 propose to tender at trial not later than **May 20, 2005.**  All experts

25 so designated are to be fully prepared to render an informed opinion

26 at the time of designation so that they may fully participate in any

1  deposition taken by the opposing party.  Experts will not be

2  permitted to testify at the trial as to any information gathered or

3  evaluated, or opinion formed, after deposition taken subsequent to

4  designation.

5          An expert witness not appearing on said lists will not be

6  permitted to testify unless the party offering the witness

7  demonstrates:  (a) that the necessity of the witness could not have

8  been reasonably anticipated at the time the lists were exchanged; (b)

9  the court and opposing counsel were promptly notified upon discovery

10  of the witness; and (c) that the witness was promptly proffered for

11  deposition.

12          **FINAL PRETRIAL CONFERENCE**

13          The Final Pretrial Conference is **SET** for **November 4, 2005,**

14  at **2:00 p.m.**, before the Honorable David F. Levi.  The parties are

15  cautioned that counsel appearing for Pretrial will in fact try the

16  matter.

17          The parties are to be fully prepared for trial at the time

18  of the Pretrial Conference, with no matters remaining to be

19  accomplished except production of witnesses for oral testimony.

20  Counsel are referred to Local Rules 40-280 and 16-281 relating to the

21  contents of and time for filing Pretrial Statements.  In addition to

22  those subjects listed in Local Rule 16-281(b), the parties are to

23  provide the court with a plain, concise statement which identifies

24  every non-discovery motion tendered to the court, and its resolution.

25  A FAILURE TO COMPLY WITH LOCAL RULES 40-280 AND 16-281 WILL BE

26  GROUNDS FOR SANCTIONS.

1          Plaintiff and defendants shall each file a separate

2  Pretrial Statement in accordance with the provisions of Local Rule

3  16-281.  Additionally, the parties are to prepare a JOINT STATEMENT

4  with respect to the undisputed facts and disputed factual issues of

5  the case.  See Local Rule 16-281(b)(3), (4), and (6).  In that joint

6  statement, the undisputed facts and disputed factual issues are to be

7  set forth in two separate sections.  In each section, the parties

8  should identify first the general facts relevant to all causes of

9  action.  After identifying the general facts, the parties should then

10 identify those facts which are relevant to each separate cause of

11 action.  In this regard, the parties are to number each individual

12 fact or factual issue.  Where the parties are unable to agree as to

13 what factual issues are properly before the court for trial, they

14 should nevertheless list in the section on "DISPUTED FACTUAL ISSUES"

15 all issues asserted by any of the parties and explain by

16 parenthetical the controversy concerning each issue.  The parties

17 should keep in mind that, in general, each fact should relate or

18 correspond to an element of the relevant cause of action.

19 Notwithstanding the provisions of Local Rule 16-281, the Joint

20 Statement of Undisputed Facts and Disputed Factual Issues is to be

21 filed with the court concurrently with the filing of plaintiff's

22 Pretrial Statement.  If the case is tried to a jury, the undisputed

23 facts will be read to the jury.

24          Pursuant to Local Rule 16-281(b)(10) and (11), the parties

25 are required to provide in their separate Pretrial Statements a list

26 of witnesses and exhibits that they propose to proffer at trial, no

6

1 matter for what purpose.  These lists shall <u>not</u> be contained in the

2 Pretrial Statement itself, but shall be attached as separate

3 documents to be used as addenda to the Final Pretrial Order.

4 Plaintiff's exhibits shall be listed **numerically**; defendants'

5 exhibits shall be listed **alphabetically**.  In the event that the

6 alphabet is exhausted, defendants' exhibits shall be marked "2A-2Z,

7 3A-3Z, etc."  The Pretrial Order will contain a stringent standard

8 for the proffering of witnesses and exhibits at trial not listed in

9 the Pretrial Order.  Counsel are cautioned that the standard will be

10 strictly applied.  On the other hand, the listing of exhibits or

11 witnesses which counsel do not intend to call or use will be viewed

12 as an abuse of the court's processes.

13        Pursuant to Local Rule 16-281(b)(12), a party is required

14 to provide a list of all answers to interrogatories and responses to

15 requests for admission that the party expects to offer at trial.

16 This list should include only those documents or portions thereof

17 which the party expects to offer in its case-in-chief.  Unless

18 otherwise barred by a rule of evidence or order of this court, the

19 parties remain free to tender appropriate discovery documents during

20 trial for such purposes as, but not limited to, impeachment or memory

21 refreshment.

22        Pursuant to Local Rule 16-281(b)(8), the parties' Pretrial

23 Statements shall contain a "statement of legal theory, etc."  Each

24 party shall commence this section by specifying as to each claim

25 whether federal or state law governs, and if state law, the state

26 whose law is applicable.

1 Counsel are also reminded that, pursuant to Fed. R. Civ. P.

2 16, it will be their duty at the Pretrial Conference to aid the court

3 in (a) formulation and simplification of issues and the elimination

4 of frivolous claims or defenses; (b) settling of facts which should

5 be properly admitted; and (c) the avoidance of unnecessary proof and

6 cumulative evidence.  Counsel must prepare their Pretrial Statements,

7 and participate in good faith at the Pretrial Conference, with these

8 aims in mind.  A FAILURE TO DO SO MAY RESULT IN THE IMPOSITION of

9 SANCTIONS which may include monetary sanctions, orders precluding

10 proof, eliminations of claims or defenses, or such other sanctions as

11 the court deems appropriate.

12 **TRIAL SETTING**

13 Trial is **SET** for **January 9, 2006**, at **9:00 a.m**. before the

14 Honorable David F. Levi.  Trial will be by jury.

15 **SETTLEMENT CONFERENCE**

16 A Settlement Conference will be set before a judge other

17 than the trial judge at the time of the Pretrial Conference.

18 Counsel are cautioned to have a principal capable of

19 disposition present at the Settlement Conference or to be fully

20 authorized to settle the matter on any terms and at the Settlement

21 Conference.

22 **MISCELLANEOUS PROVISIONS**

23 The parties are reminded that pursuant to Fed. R. Civ. P.

24 16(b), this order **shall not be modified except by leave of court upon**

25 **a showing of good cause.**  Counsel are cautioned that changes to any

26 of the scheduled dates will necessarily result in changes to all

1   other dates.  Thus, even where good cause has been shown, the court

2   will not grant a request to change the discovery cutoff date without

3   modifying the pretrial and trial dates.

4   **Agreement by the parties pursuant to stipulation does not**

5   **constitute good cause.  Nor does the unavailability of witnesses or**

6   **counsel, except in extraordinary circumstances, constitute good**

7   **cause.**

8   There appear to be no other matters presently pending

9   before the court that will aid the just and expeditious disposition

10   of this matter.

11   IT IS SO ORDERED.

12   DATED: April 15, 2005.

13

14   DALE A. DRCZD
    UNITED STATES MAGISTRATE JUDGE

15

16   DAD:th
    Ddadl\orders.prose\portnoy1850.schedord

17

18

19

20

21

22

23

24

25

26