IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SERGEI PORTNOY,

      Plaintiff,

  v.

US BANK, et al.,

      Defendants.
_____/

No. CIV.S-04-1850 DFL DAD PS

<u>FINDINGS AND RECOMMENDATIONS</u>

        This matter came before the court on February 4, 2005, for hearing on defendants' motion to dismiss plaintiff's second amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1]  Plaintiff, proceeding pro se, appeared on his own behalf.  Juan C. Basombrio appeared on behalf of defendants.  Having considered all materials submitted in connection with motion, and after hearing oral argument, the undersigned will recommend that defendants' motion to dismiss be granted in part and denied in part.

---

[1] All references to the Rules are to the Federal Rules of Civil Procedure unless otherwise specified.

1

**LEGAL STANDARDS**

Rule 12(b)(1) allows a party by motion to raise the defense that the court lacks "jurisdiction over the subject matter" of a claim. "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Publ'g Co. v. Gen. Tel. & Electronics, 594 F.2d 730, 733 (9th Cir. 1979)(citations omitted). In the latter instance, no presumption of truthfulness attaches to plaintiff's allegations. Id. "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988)(citations omitted). The burden of proof on a Rule 12(b)(1) motion is on the party asserting jurisdiction. Thornhill Publ'g Co., 594 F.2d at 733.

In contrast, pursuant to Rule 12(b)(6) a complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738,

1 740 (1976).  Furthermore, the court must construe the pleading in the
2 light most favorable to the plaintiff, and resolve all doubts in the
3 plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421
4 (1969).

**ANALYSIS**

6    This action stems from a dispute between plaintiff and
7 defendant U.S. Bank National Association ("U.S. Bank" or "bank")
8 which resulted in the closing of plaintiff's checking account at a
9 branch of U.S. Bank.  The named defendants in the second amended
10 complaint are U.S. Bank and its employees Sarah Robinson and Jerri
11 Tehee.

12    Plaintiff's second amended complaint is somewhat difficult
13 to decipher.  However, liberally construed the third cause of action
14 -- the lone federal cause of action -- alleges that defendant failed
15 to live up to its obligation to make available the funds from
16 deposited cash in a timely fashion.  The undersigned finds that such
17 allegations are sufficient to establish federal subject matter
18 jurisdiction under the Expedited Funds Availability Act ("EFAA").

19    The EFAA provides that when "any cash is deposited in an
20 account at a receiving depository institution staffed by individuals
21 employed by such institution ... such cash or funds shall be
22 available for withdrawal not later than the business day after the
23 business day on which such cash is deposited or such funds are
24 received for deposit."  12 U.S.C. § 4002(a)(1).  See also 12 C.F.R. §
25 /////
26 /////

3

229.10.[2]  A depository institution which does not comply with these provisions is liable to the depositing individual for any actual damages sustained by that person because of the bank's failure; statutory damages of between $100 and $1000; and costs and attorney's fees.  12 U.S.C. § 4010(a); 12 C.F.R. § 229.21(a).  See Beffa v. Bank of the West, 152 F.3d 1174, 1176 (9th Cir. 1998)("The Act specifically provides that banks are civilly liable to individuals damaged as a result of an EFAA violation.").  Finally, the civil liability provisions of EFAA provide for federal court jurisdiction over such suits.  See 12 U.S.C. § 4010(d)("Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year after the date of the occurrence of the violation involved.").

/////

/////

---

[2] The second amended complaint alludes to this regulation, which provides as follows:

> (a) Cash deposits.
>
> (1) A bank shall make funds deposited in an account by cash available for withdrawal not later than the business day after the banking day on which the cash is deposited, if the deposit is made in person to an employee of the depositary bank.
>
> (2) A bank shall make funds deposited in an account by cash available for withdrawal not later than the second business day after the banking day on which the cash is deposited, if the deposit is not made in person to an employee of the depositary bank.

12 C.F.R. § 229.10

4

1    For these reasons, the undersigned will recommend that
2 defendants' motion to dismiss for lack of subject matter jurisdiction
3 be denied.

4    The undersigned will also recommend that the motion to
5 dismiss for failure to state a claim be denied to the extent that it
6 seeks dismissal of the third cause of action as to defendant U.S.
7 Bank.  As set forth above, the civil liability provisions of EFAA
8 refer only to a "depository institution" such as defendant U.S. Bank.
9 12 U.S.C. § 4010(a).  Those provisions do not pertain to bank
10 employees such as defendants Sarah Robinson and Jerri Tehee.
11 Further, the term "depository institution" is defined in 12 U.S.C. §
12 461(b)(1)(A).  See 12 U.S.C. § 4001(12).  That lengthy definition
13 does not encompass individual bank employees.  Finally, while the
14 undersigned has been unable to identify any authority specifically
15 addressing the issue, limiting liability to the defendant bank is
16 consistent with Supreme Court authority addressing the scope of
17 EFAA's civil liability provisions.  See Bank One Chicago, N.A. v.
18 Midwest Bank & Trust Company, 516 U.S. 264 (1996)(holding civil
19 liability provisions encompass suits by customers against banks as
20 well as suits by one bank against another bank).  For these reasons,
21 the undersigned will recommend that the third cause of action be
22 dismissed as to defendants Robinson and Tehee for failure to state a
23 claim.

24    The undersigned will also recommend that the first, second
25 and eighth causes of action be dismissed as to all defendants.  Those
26 causes of action are brought pursuant to the California Fair

5

1 Employment and Housing Act ("FEHA") and Article I, Section 8 of the
2 California Constitution.  It is undisputed that plaintiff was not an
3 employee of the bank.  As such, FEHA is obviously inapplicable.  <u>See</u>
4 <u>Shephard v. Loyola Marymount Univ.</u>, 102 Cal. App. 4th 837, 842, 125
5 Cal. Rptr. 2d 829, 832 (2002) ("In order to recover under the
6 discrimination in employment provisions of the FEHA, the aggrieved
7 plaintiff must be an employee.").  Plaintiff's reliance on Article I,
8 Section 8 of the California Constitution is also misplaced.  <u>See</u>
9 <u>Strother v. Southern Cal. Permanente Medical Group</u>, 79 F.3d 859, 871
10 (9th Cir. 1996)("a claim brought directly under Article I, § 8 of the
11 California Constitution may only be brought where a plaintiff has
12 been denied entrance into a profession or particular employment or
13 terminated from the same").  Therefore, plaintiff's first, second and
14 eighth causes of action must be dismissed in their entirety for
15 failure to state a claim.

16      Finally, defendants' motion does not challenge the second
17 amended complaint's fourth, fifth, sixth or seventh causes of action.
18 Those causes of action are state law claims for breach of implied
19 contract, breach of the covenant of good faith and fair dealing,
20 intentional infliction of emotion distress and negligent infliction
21 of emotional distress, respectively.  Those claims are alleged as to
22 defendant U.S. Bank only.  Thus, if the recommendation set forth
23 herein is adopted this action will proceed as to U.S. Bank only and
24 only as to plaintiff's third, fourth, fifth, sixth and seventh causes
25 of action.
26 /////

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss for lack of subject matter jurisdiction be denied;

2. Defendants' motion to dismiss for failure to state a claim be granted as to the third cause of action with respect to defendants Robinson and Tehee only;

3. Defendants' motion to dismiss for failure to state a claim be granted as to the first, second and eighth causes of action with respect to all defendants; and

4. Defendant U.S. Bank be directed to file an answer within twenty (20) days of any order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 18, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddadl\orders.prose\portnoy1850.f&r

7